**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**FOU NOFOAGATOTOA, Defendant**

High Court of American Samoa
Trial Division

CR No. 57-95

April 11, 1996

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel:         For Plaintiff, Frederick J. O'Brien,
                 Assistant Attorney General
                 For Defendant, Barry I. Rose

Order Rejecting Plea Agreement:

This matter was set for jury trial on April 10, 1996. The parties, however, sought a continuance of trial in order to present the Court their concluded plea agreement. This plea agreement, reduced to writing, includes the following:

> Plaintiff will recommend that, as to Count 1, the Court, without entering a judgment of guilt, defer proceedings and place Defendant on probation upon such terms and conditions as the Court deems appropriate. Defendant understands that the Court is not bound to follow this recommendation but may, in its discretion, sentence

20

Defendant up to the maximum provided by law.

Upon inquiry by the Court as to the viability of this proposal, the parties simply submitted that such a disposition is not prohibited by statute or rule.

■ We decline to consider this proposal as an allowable disposition under applicable law. First, the territory's criminal law is codified. *See* A.S.C.A. §§ 46.3102-3104. Therefore, the parties' submission, to the effect that if it is not disallowed it is allowed, is invalid.[1]

■ Count 1 of the information charges the defendant with the offense of Assault in the 3rd degree, in violation of A.S.C.A. § 46.3522. This enactment provides that a person commits the crime of assault in the 3rd degree if he or she undertakes certain proscribed conduct. The authorized range of disposition for criminal conduct, including assault in the 3rd degree, is explicitly set out in A.S.C.A. § 46.1901. This enactment, which is couched in mandatory language, requires that the Court *shall* deal with criminal offenders in accordance with Chapter 19 of the Criminal Justice Act, "*except* for offenses defined outside [the Criminal Justice Act] and not in accordance with the classifications of this chapter [19] and not repealed, the term of imprisonment or fine that maybe imposed is that provided in the *statute* defining offense." The only exception to this general requirement is that contained in A.S.C.A. § 13.1024, which provides for the option of deferred proceedings, upon a plea of guilt or finding of guilt, in the context of a possession of a controlled substance charge, under Title 13.[2] There is no parallel provision for deferred proceedings in the context of assault related prosecutions.

We conclude, and accordingly hold, that the parties' proposal is not an authorized disposition available to the sentencing court, and, therefore, reject the plea agreement as presented.

This matter is continued to April 25, 1995, for trial setting if there no further plea agreement, consistent with this opinion, is arrived at by the parties.

It is so ordered.

_____

[1] A.S.C.A. § 46.3104 reads: "No conduct constitutes an offense or an infraction unless made so by this title, other applicable statutes, or the Uniform Village Regulations."

[2] *Cf.* Criminal Procedure Act 1972 (Western Samoa), § 104, which gives the trial court the discretion, under certain circumstances, to "discharge [any defendant] without convicting him," where statute does not expressly provide a mandatory minimum penalty.